```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 12/30/2020
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
EVLIYAOGLU TEKSTIL A.S.,

                Plaintiff,

         -v-                                     19-cv-10769 (LJL)

TURKO TEXTILE LLC, et al.,                 OPINION AND ORDER

                Defendants.

-----------------------------------------------------------------X

LEWIS J. LIMAN, United States District Judge:

      Plaintiff Evliyaoglu Tekstil A.S, a/k/a Evliyaoglu Tekstil Tasarim Insaat San VE Ticaret A.S. ("Tekstil" or "Plaintiff") moves, pursuant to Fed. R. Civ. P. 12(b)(6), to dismiss the counterclaims at Dkt. No. 8 ("Counterclaims") filed against it by Defendants Turko Textile LLC ("Turko Textile"), Ismail Akdeniz ("Akdeniz"), and Nuri Emre Araz ("Araz") (collectively, "Defendants"). Dkt. No. 16. Third-party defendant Fuat Ozsoy ("Ozsoy") joins in Plaintiff's motion. Dkt. No. 21.

## BACKGROUND

      Plaintiff is a manufacturer and supplier of Turkish textile home goods that it exports from Turkey into the United States. Dkt. No. 1 ¶ 1. It brought suit in this Court on November 20, 2019, alleging that Defendants were liable on an unpaid balance of $776,482.35. *Id.* ¶¶ 2-3. Plaintiff alleges that Defendants entered into an agreement dated July 11, 2018 pursuant to which Turko Textile agreed to settle an unpaid balance of $1.3 million from a shipment of home textile goods by Plaintiff to Turko Textile; the agreement was personally guaranteed by Akdeniz and Araz. *Id.* ¶ 11. Plaintiff alleges that Turko Textile has paid only $150,000 and has returned a

portion of the subject goods to Plaintiff for a credit, leaving Defendants with the unpaid balance. *Id.* ¶ 3.

Turko Textile asserts the Counterclaims against Plaintiff and third-party defendant Ozsoy for tortious interference with prospective economic advantage and defamation. Dkt. No. 8. It alleges that it did not purchase any textiles from Plaintiff but acted, in essence, as consignee—accepting orders on behalf of Plaintiff and remitting payment to Plaintiff upon sale. *Id.* ¶ 7. It claims that the relationship between Plaintiff and itself deteriorated in 2018 due to, among other things, the volatile political climate and inflation in Turkey "and the fact that, upon information and belief, Tekstil had been adulterating its textiles with lower-grade cotton." *Id.* ¶ 8.

The central allegations in Turko Textile's Counterclaims appear at paragraphs 9 and 10. They are quoted in full:

> 9. In September 2019, Ozsoy, officer and principal of [Plaintiff] stated that he would tarnish Turko[] [Textile's] name, by making false statements concerning the business relationship and dispute between Tekstil and Turko, to other Turkish manufacturers (upon information and belief, including but not limited to Kucuker Tekstil and Seral Tekstil) so as to sully Turko[] [Textile's] reputation in the industry (and to gain perceived leverage in the dispute).
>
> 10. Upon information and belief Ozsoy did so and in so doing caused Turko [Textile] harm, including but not limited to lost potential business opportunities.

Counterclaims ¶¶ 9-10.

Turko Textile alleges in the first counterclaim that Plaintiff and Ozsoy were aware of Turko Textile's actual and potential relationships with certain Turkish manufacturers, and unlawfully and maliciously interfered with those relationships in an attempt to obtain leverage in their dispute with Turko Textile, causing damage to Turko Textile. *Id.* ¶¶ 12-14. In the second counterclaim, it alleges that Plaintiff and Ozsoy made false statements about Turko Textile's and Tekstil's business relationship and dispute to third parties, including other Turkish textile

manufacturers, without any privilege or authorization by Turko Textile, and did so knowingly or at least with "fault amounting to negligence," causing damages to Turko Textile. *Id.* ¶¶ 16-18.

## DISCUSSION

"A motion to dismiss a counterclaim is evaluated under the same standard as a motion to dismiss a complaint." *Town & Country Linen Corp. v. Ingenious Designs LLC*, 2020 WL 3472597, at *4 (S.D.N.Y. June 25, 2020) (citing *Orientview Techs. LLC v. Seven For All Mankind, LLC*, 2013 WL 4016302, at *2 (S.D.N.Y. Aug. 7, 2013)). To survive a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted, a complaint must include "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 554, 570 (2007)). A complaint must offer more than "labels and conclusions," "a formulaic recitation of the elements of a cause of action," or "naked assertion[s]" devoid of "further factual enhancement" in order to survive dismissal. *Twombly*, 550 U.S. at 555, 557. The ultimate question is whether "[a] claim has facial plausibility, [i.e.,] the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. Put another way, the plausibility requirement "calls for enough fact to raise a reasonable expectation that discovery will reveal evidence [supporting the claim]." *Twombly*, 550 U.S. at 556; *see also Matrixx Initiatives, Inc. v. Siracusano*, 563 U.S. 27, 46 (2011).

### A.     Tortious Interference With Prospective Economic Advantage

To state a claim for tortious interference with prospective economic advantage under New York law, a plaintiff must allege that "(1) it had a business relationship with a third party;

3

(2) the defendant knew of that relationship and intentionally interfered with it; (3) the defendant acted solely out of malice, or used dishonest, unfair, or improper means; and (4) the defendant's interference caused injury to the relationship." *Kirch v. Liberty Media Corp.*, 449 F.3d 388, 400 (2d Cir. 2006) (citing *Carvel Corp. v. Noonan*, 350 F.3d 6, 17 (2d Cir. 2003)); *see Goldman v. Reddington*, 2019 WL 4736803, at *9 (S.D.N.Y. 2019) (same); *Leadsinger, Inc. v. Cole*, 2006 WL 2320544, at *12 (S.D.N.Y. 2006) (same). "In order to survive a motion to dismiss, the plaintiff must allege that it was 'actually and wrongfully prevented from entering into or continuing in a *specific* business relationship.'" *Von Rohr Equipment Corp. v. Tanner Bolt & Nut Corp*, 2017 WL 5184676, at *7 (E.D.N.Y. Nov. 7, 2017) (quoting *Korn v. Princz*, 641 N.Y.S.2d 283, 283 (App. Div. 1996) (emphasis added)) (citing cases); *see Deaton v. Napoli*, 2019 WL 4736722, at *8 (E.D.N.Y. Sept. 27, 2019) ("Failure to identify a specific business relationship with a third party is a 'fatal' deficiency to pleading tortious interference."); *Stardust Monte-Carlo, S.A.R.L. v. Diamond Quasar Jewelry, Inc.*, 2018 WL 1027754, at *5 (S.D.N.Y. Feb. 20, 2018) ("[C]ourts in this District are clear that where a party cannot identify specific third party relationships that were disrupted, a tortious interference claim cannot lie."); *American Lecithin Co. v. Rebmann*, 2017 WL 4402535, at *23 (S.D.N.Y. Sept. 30, 2017) ("[T]he complaint must allege 'interference with a specific identified business relationship with a third party.'") (quoting *Camp Summit of Summitville, Inv. v. Visinski*, 2007 WL 1152894, at *14 (S.D.N.Y. Apr. 16, 2017)); *Shah v. Lumiere*, 2013 WL 6283585, at *2 (S.D.N.Y. Dec. 3, 2013) ("Plaintiff has not alleged interference with a specific business relationship, which is necessary to plead sufficient allegations under the first two elements of a claim for tortious interference with prospective business relationships.").

The Counterclaims, as currently pleaded, do not contain sufficient factual material to make out a claim for tortious interference with prospective economic advantage. Turko Textile alleges that false statements were made "to other Turkish manufacturers" including, on information and belief, Kucuker Tekstil and Seral Tekstil, Counterclaims ¶ 9, and that Turko Textile "lost potential business opportunities," *id*. ¶ 10. However, it does not allege what the particular business opportunities were and whether they were with Kucuker Tekstil or Seral Tekstil or some other manufacturer. Nor, as discussed below, does it allege what was said to the Turkish manufacturers that caused Turko Textile to lose business opportunities. The Counterclaim thus contains little more than "unadorned, the defendant-unlawfully-harmed-me accusation[s]," inadequate to state a claim. *DiFolco v. MSNBC Cable LLC*, 622 F.3d 104, 110-11, 115 (2d Cir. 2010) (quoting *Iqbal*, 556 U.S. at 677) (affirming dismissal of claim of tortious interference with prospective economic advantage where allegations were "conclusory, vague, and lacking in factual basis" and "fail[ed] entirely to describe any third party with whom [plaintiff] had prospective business relationship to be interfered with").

B. **Defamation**

To state a claim for defamation under New York law, "the plaintiff must allege (1) a false statement about the plaintiff; (2) published to a third party without authorization or privilege; (3) through fault amounting to at least negligence on [the] part of the publisher; (4) that either constitutes defamation per se or caused special damages." *Thai v. Cayre Grp., Ltd.*, 726 F. Supp. 2d 323, 329 (S.D.N.Y. 2010) (internal quotation marks and citation omitted). A long line of cases in this District holds that a defamation claim "is only sufficient if it adequately identifies 'the purported communication, and an indication of who made the communication, when it was made, and to whom it was communicated." *Id.* (quoting *Scholastic, Inc. v. Stoufffer*, 124 F. Supp. 2d 188, 192 (S.D.N.Y. 2000); *Keady v. Nike, Inc.*, 116 F. Supp. 2d 428, 439 (S.D.N.Y.

5

2000) ("[W]hile the defamation need not be plead *in haec verba*, a pleading is only sufficient if it adequately alleges 'the purported communication, and an indication of who made the communication, when it was made, and to whom it was communicated.'") (citation omitted); *Sparrow Fund Mgmt LP v. Mimedx Grp., Inc.*, 2019 WL 1434719, at *6 (S.D.N.Y. Mar. 31, 2019) (same); *Chidume v. Greenburgh-N. Castle Union Free School Dist.*, 2020 WL 2131771, at *14 (S.D.N.Y. May 4, 2020) (plaintiff must "identify the allegedly defamatory statements, the person who made the statements, the time when the statements were made, and the third parties to whom the statements were published") (quoting *Alvarado v. Mt. Pleasant Cottage Sch. Dist.*, 404 F. Supp. 3d 763, 790 (S.D.N.Y. 2019)).  "While the federal rules do not require the particularized pleading requirements set forth in New York's C.P.L.R. section 3016, Rule 8 of the Federal Rules of Civil Procedure still requires that each pleading be specific enough to afford defendant sufficient notice of the communications complained of to enable him to defend himself."  *Burton v. Label, LLC*, 344 F. Supp. 3d 680, 699 (S.D.N.Y. 2018) (quoting *Biro v. Conde Nast*, 883 F. Supp. 2d 441, 45 (S.D.N.Y. 2012)).

Indeed, it is only by pleading the substance of the purported communication that a defendant can challenge and, upon a motion, the court can determine the essential elements of a defamation claim under New York law, including: whether the statement was false, *see Tannerite Sports, LLC v. NBCUniversal News Grp.*, 864 F.3d 236, 247 (2d Cir. 2017) (holding that "[b]ecause falsity is an element of New York's defamation tort, and 'falsity' refers to material not substantially true, the complaint . . . must plead facts that, if proven, would establish that the defendant's statements were not substantially true"); whether it was capable of defamatory meaning, *see Mamom v. Pierot*, 2020 WL 6572509 at *4 (S.D.N.Y. Aug. 30, 2020) (discussing requirement on motion to dismiss that the statement be capable of defamatory

meaning); and whether it was "of and concerning" the plaintiff, *see Kirch*, 449 F.3d at 398-400 (affirming dismissal of defamation claim on motion to dismiss for failure to plead a statement that was "of and concerning" plaintiff and noting that "[t]he 'of and concerning' requirement stands as a significant limitation on the universe of those who may seek a legal remedy for communications they think to be false and defamatory and to have injured them").

The defamation counterclaim falls short of these standards. Although it identifies the person who allegedly made the defamatory statements—Ozsoy, it does not allege what it is that he said about "the business relationship and dispute between Tekstil and Turko [Textile]" that was false and defamatory or to whom he made the statements and when he made them. Accordingly, the defamation counterclaim must be dismissed for failure to plead sufficient facts to state a claim for relief.

## CONCLUSION

The motion to dismiss the Counterclaims is GRANTED. Because no prior requests to amend have been sought or granted, there would be no undue prejudice, and it is not clear that an amendment would be futile, the dismissal is without prejudice. Defendants are permitted to file amended counterclaims no later than January 29, 2021. The Clerk of Court is respectfully directed to close the motions at Dkt. Nos. 16 and 21.

The Court will hold a case management conference on January 13, 2021 at 12:00 p.m. The parties are ORDERED, one week prior to the conference, to file a proposed case management plan pursuant to the Court's Individual Practices in Civil Cases. The conference will be held by TELEPHONE. At the date and time of the conference, the parties are directed to dial the Court's conference line at: 888-251-2909 (access code: 2123101).

SO ORDERED.

Dated: December 30, 2020
      New York, New York

LEWIS J. LIMAN
United States District Judge